HERNDON (RAMSEY v.). See Case No. 11,-546.

HERO, The (TISDALL v.). See Case No. 14,-059a.

## Case No. 6,416.

### The HEROINE.

[1 Ben. 226.] [1]

District Court, S. D. New York. June, 1867.

#### DAMAGES BY COLLISION—FREIGHT.

1. Where a vessel, while on a voyage was injured by a collision with the Heroine, and in a suit against the Heroine a decree was rendered in favor of her owners, with a reference to a commissioner to ascertain the damages, and the commissioner reported as an item of damage the gross freight, and the claimants excepted: Held, that the freight which a vessel, injured in a collision, was earning and has lost, is allowable as an item of damage; and that this must be net freight.

[Cited in Egbert v. Baltimore & O. R. Co., Case No. 4,305; The Gorgas, Id. 5,623; The Hope, 5 Fed. 825; The James A. Dumont, 34 Fed. 429.]

-----

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

2. There must be deducted from the gross freight, the expenses the vessel would have incurred if the voyage had been successfully performed, and which would have diminished by so much the gross freight.

This case came up on exception to a commissioner's report. The suit was brought by Isaac Pratt, Jr., and others, owners of the bark Alma against the bark Heroine, to recover the damages occasioned by a collision between the two vessels. The court decided in favor of the libellants, and referred it to a commissioner to ascertain the damages. The commissioner's report included in the damages an item of $1,040 for freight lost, and the claimants excepted to the allowance of that item.

A. J. Heath, for libellants.

E. D. McCarthy, for claimants.

BLATCHFORD, District Judge. I think that the libellants are entitled, as part of the damages sustained by them by the collision, to an allowance on account of the freight their vessel was earning at the time of the collision on the cargo she was in the act of carrying. The libel expressly claims as damage the loss of the vessel and her freight, and states the aggregate amount of such damage at a larger amount than the commissioner has reported it to be. Upon the well-settled principle of allowing to the injured party as damages, in cases of collision, an indemnity to the extent of the loss sustained, the freight which the injured vessel was in the act of earning and has lost, is allowed as a just measure of compensation. The Gazelle, 2 W. Rob. Adm. 279; Williamson v. Barrett, 13 How. [54 U. S.] 101, 111. But this must be net freight, not gross freight. There must be deducted from the freight the vessel was engaged in earning, the expenses she would have incurred if the voyage had been successfully performed, and which expenses would have diminished by so much the gross freight. In the present case the amount of freight allowed is $1,040. The exception to the commissioner's report is to the allowance of freight to that amount. The $1,040 is the gross freight, as testified to by the master in a deposition given by him for the hearing on the merits. The questions as to the amount of the freight, and as to what was the gross freight, and what were proper deductions from it, and what was the net freight, were not raised before the commissioner. Hence the error in his report. Substantial justice will be done by referring the case back to the commissioner for re-examination on further evidence by both parties, in accordance with the principles of this decision. Order accordingly.

[Subsequently, on appeal to the circuit court, the decree of the district court, allowing damages to the libelants, was affirmed. Case No. 6,417.]